UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **DANITA WOODS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | **No. 1:20-cv-01157-STA** |
| ) | |
| **HARDERMAN COUNTY** ) | |
| **GOVERNMENT, et al.,** ) | |
| ) | |
|     **Defendants.** ) | |
| ) | |

**ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS**

Before the Court is Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed on September 21, 2020. (ECF No. 13.) On October 29, 2020, Plaintiff filed a Memorandum of Facts and Law in Opposition to Defendant's Motion (ECF No. 15) and, on October 31, 2020, Defendants filed a Reply to Plaintiff's Response. (ECF No. 16.) For the reasons discussed below, this Motion is **GRANTED**.

BACKGROUND

Plaintiff's Complaint alleges that Defendants violated § 42 U.S.C. 1983, the Civil Rights Act, by infringing on her Due Process rights under the Fourteenth Amendment and through an illegal search and seizure, unlawful arrest, and the unlawful use of excessive force, implicating the Fourth Amendment and the Tennessee Governmental Tort Liability Act (TGTLA). (ECF No. 1.) Plaintiff alleges that, on July 18, 2019, she was driving home when Defendant Vincent Hunt, a deputy officer employed with the Hardeman County Sheriff's Department, recognized her, and

attempted to pull her over for the purpose of serving her with civil papers.  Plaintiff continued to her home, followed by Officer Hunt.  Officer Hunt knocked on her door and Plaintiff opened it to address the Officer, at which time Officer Hunt "grabbed her" allegedly slamming her against the outer wall of the Plaintiff's residence and physically tearing the front door from the Plaintiff's property.  (*Id.* ¶ 3.)  Defendant subsequently arrested Plaintiff and executed an affidavit of arrest, accusing Plaintiff of attempting to evade arrest, resisting a stop, and disobeying a police officer.  (*Id.* ¶ 4.)  Plaintiff was then detained for about twelve hours, was charged with crimes she allegedly did not commit, and had to post bail and incur legal fees, only to have the charges dismissed at a preliminary hearing.  (*Id.*).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).  A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a

probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

## ANALYSIS

Plaintiff filed this lawsuit on July 19, 2020, pursuant to 42 U.S.C. § 1983, and the Tennessee Governmental Tort Liability Act. Plaintiff asserts that, consequent to being subjected to an unlawful search and seizure, arrest, and excessive force by Officer Hunt and the Hardeman County Sheriff's Department, she was deprived of her Fourth and Fourteenth Amendment rights. Additionally, Defendants' actions were negligent and resulted in the infliction of emotional distress. In response, Defendants argue 1) that the suit against Vincent Hunt in his official capacity should be dismissed; 2) that all Fourteenth Amendment claims should be dismissed; and 3) that all TGTLA claims should be dismissed, because the TGTLA's "civil rights exception" and exception relating to infliction of mental anguish entitle Hardeman County to sovereign immunity. The Court will address each argument in turn.

### I. 42 U.S.C. § 1983 Claims Against Officer Hunt in His Official Capacity

Plaintiff's claims against Officer Hunt in his official capacity are redundant. "[O]fficial-capacity suits generally represent *only another way* of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (emphasis added). "Official-capacity suits are, for all intents and purposes, treated as suits against the municipality...." *Shorts v. Bartholomew*, 255 F. App'x 46, 49 n.4 (6th Cir. 2007) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014). Thus, where the entity is named as a defendant, as it is here, an official-capacity claim is redundant. *Foster*, 573 F. App'x. at 390 (citing *Faith Baptist Church v. Waterford Twp.*, 522 F. App'x. 322, 327 (6th Cir. 2013) ("Having sued ... the entity for which [plaintiff] was an agent, the suit against [plaintiff] in his

3

official capacity was superfluous.")); *cf. Shorts*, 255 F. App'x at 57-60 (6th Cir. 2007) (allowing the plaintiff to proceed with his official-capacity claim—which the Court acknowledged was actually against the County—because the plaintiff, in his "inartful pleadings" (*Id.* at 51), did not assert the same claim against the County as he did against the official).

Here, Plaintiff claims that both Officer Hunt and Hardeman County violated her Constitutional rights by unlawfully searching and seizing Plaintiff, arresting her, and using excessive force on her. In Plaintiff's response to Defendants' argument, Plaintiff herself acknowledges that official capacity suits generally represent only another way of pleading an action against an entity, without distinguishing why the official capacity suit against Officer Hunt in this particular case should be preserved. Because to maintain such a claim against both the deputy sheriff in his official capacity and Hardeman County would be redundant, Plaintiff's official-capacity claim against Vincent Hunt is **DISMISSED**.

### II. Fourteenth Amendment Claims

Count One of the Complaint alleges that Defendants violated Plaintiff's Due Process rights under the Fourteenth Amendment. Defendants respond that Plaintiff's Constitutional claims are covered by the Fourth Amendment and should be analyzed under that Amendment, as opposed to general substantive due process rights. This Court is persuaded by Defendants' arguments.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Unreasonable seizure, unlawful arrest, and warrantless entry are civil rights violations squarely protected by the Fourth Amendment. *See, e.g., Stahl v. Coshocton Cnty.*, 754 F. App'x 335, 340 (6th Cir. 2018). In *Graham v. Connor*, which Defendant relies upon, the Supreme Court held that "*all* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest,

investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." 490 U.S. 386, 395, 109 S. Ct. 1865, 1873, 104 L. Ed. 2d 443 (1989) (emphasis in original).  However, the Court clarified its holding in *Graham*, elaborating that it, "does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments; rather, *Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, ... the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier,* 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219, 137 L.Ed.2d 432 (1997). The Sixth Circuit has held that "[w]hich amendment applies depends on the status of the plaintiff at the time of the incident, whether free citizen, convicted prisoner, or something in between." *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008) citing *Gravely v. Madden,* 142 F.3d 345, 348–49 (6th Cir.1998)).

The relevant question then, which neither Plaintiff nor Defendants address, is Plaintiff's status at the time of her arrest and seizure by Officer Hunt.  Plainly, from Plaintiff's own description, Plaintiff was, and considered herself to be, a free citizen at the time of the incident, evinced by her refusal to acquiesce to Officer Hunt's attempt to conduct a traffic stop.  Because Plaintiff was a free person, and the use of force occurred in the course of an arrest or other seizure, then Plaintiff's claim arises under the Fourth Amendment and its reasonableness standard.  395, 109 S.Ct. 1865; *Lanman*, 529 F.3d 673, 680 ("[T]he Fourth Amendment reasonableness standard generally applies any time a government official seizes a free citizen with the purpose of potentially creating an involuntary custodial relationship with the State.") The underlying actions purportedly implicating the Fourteenth Amendment are seizure, arrest, and use of excessive force.

5

As discussed above, those violations are squarely protected by the Fourth Amendment.  Therefore, Plaintiff's Fourteenth Amendment claims are **DISMISSED**.

### III. Immunity from TGTLA Claims

In addition to the civil rights claims under § 1983, Plaintiff also alleges claims under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-101 *et seq.*  In Tennessee, the TGTLA is the exclusive remedy for claims against a governmental entity such as Hardeman County.  *See Austin v. Shelby County*, 640 S.W.2d 282 (1982). *See also Doyle v. Frost*, 49 S.W.3d 853, 857 (Tenn. 2001) (discussing that the TGTLA governs claims against counties, municipalities, and other local governmental agencies).  Under the TGTLA, the County "is generally subject to suit for civil claims sounding in negligence with certain enumerated exceptions." *Campbell v. Anderson Cnty.*, 695 F. Supp. 2d 764, 777 (E.D. Tenn. 2010) (citations omitted).  Thus, while the TGTLA removes immunity for an "injury proximately caused by a negligent act or omission of any employee within the scope of his employment," it also provides a list of exceptions which prevents the municipality from being sued.  *See Johnson v. City of Memphis*, 617 F.3d 864, 872 (6th Cir. 2010) (citing Tenn. Code. Ann. § 29–20–205).  "[I]njuries that 'arise[ ] out of ... civil rights' are one such exception, that is, sovereign immunity continues to apply in those circumstances." *Id.*  The TGTLA's "civil rights" exception includes claims arising under § 1983, and a plaintiff cannot seek to circumvent the County's immunity by couching its civil rights claim as one of negligence. *Id.*  *See Hale v. Randolph*, 2004 WL 1854179 (E.D. Tenn. 2004) ("Because Hale asserts his false imprisonment, assault and battery, and negligence per se claims against the City in the context of a civil rights case, his alleged injuries arise out of 'civil rights' and the City is entitled to immunity from suit on these claims pursuant to the "civil rights" exception in Tenn. Code Ann. § 29–20–205(2).") *See*

*also Brooks v. Sevier County*, 279 F. Supp. 2d 954, 960 (E.D. Tenn. 2003) (explaining that governmental entities retain immunity when a claim rooted in the conduct of employees is "in essence a claim for negligent violation of civil rights.")

In *Johnson v. City of Memphis*, the Sixth Circuit Court of Appeals determined that a widow could not add a state law negligence claim to her § 1983 suit alleging Fourth Amendment violations by police officers because the negligence claim "[arose] out of the same circumstances giving rise to her civil rights claim." *Johnson*, 617 F.3d at 872.

> The district court found that '[a]ll of Plaintiffs' claims against the City as an employer are in essence claims for violation of Johnson's constitutional rights.' The district court found that the claim fell under the "civil rights" exception, and that the City is therefore immune under the GTLA. This is consistent with the results reached by the majority of district courts addressing this issue ...
>
> Plaintiffs' claim regarding the dispatcher's negligence arises out of the same circumstances giving rise to her civil rights claim under § 1983. It therefore falls within the exception listed in § 29-20-205, and the City retains its immunity ...
>
> Because the plain language of the GTLA preserves immunity for suits claiming negligent injuries arising from civil rights violations, we find that the district court did not err in denying Plaintiffs' motion to amend and reinstate her state law claim.

*Id*. at 872.  Here, as in *Johnson*, Plaintiff's state law claims against Defendant Hardeman County arise out of the same circumstances giving rise to her § 1983 civil rights claims. Therefore, those claims are barred by TGTLA's retention of immunity for injuries arising from civil rights.

Additionally, Plaintiff's claims of negligent and intentional infliction of emotional distress are also precluded under the TGTLA.  The TGTLA provides, in pertinent part, that immunity from suit of all governmental entities is removed "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment, *except* if the injury arises out of ... (2) … infliction of mental anguish ...." T.C.A. § 29–20–205(2).  Thus, Plaintiff's suit against

7

Hardeman County for negligent and intentional infliction of emotional distress is expressly barred. *See Dillingham v. Millsaps*, 809 F. Supp. 2d 820, 853 (E.D. Tenn. 2011).

Alternatively, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See Spurlock v. Whitley*, 971 F. Supp. 1166, 1185 (M.D. Tenn. 1997) (holding that "the exclusivity provision of the TGTLA provides a compelling reason for this Court to decline supplemental jurisdiction of the TGTLA claim"). Section 1367(c) of Title 28 provides that "district courts may decline to exercise supplemental jurisdiction over a claim.... if ... (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." The Sixth Circuit has determined that "the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction" for this Court to decline supplemental jurisdiction of the TGTLA claim"). *Gregory v. Shelby Cnty*, 220 F.3d 433, 446 (6th Cir. 2000) *overruled on other grounds in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001). *See also Beddingfield v. City of Pulaski*, 666 F. Supp. 1064, 1064–66 (M.D. Tenn.), *rev'd on other grounds*, 861 F.2d 968 (6th Cir. 1988) (declining to exercise jurisdiction over pendent state law claims of wrongful death and violation of the Tennessee Constitution "in the face of the limitations upon suability specified in Tenn. Code Ann. § 29–20–307."). Accordingly, the Court declines to accept supplemental jurisdiction over Plaintiff's state law claims pursuant to the "exceptional circumstance" of the TGTLA's exclusive jurisdiction provision. The civil rights claims and claims arising out of the infliction of mental anguish for which the County has not waived immunity are **DISMISSED**.

## CONCLUSION

In sum, Defendant's Partial Motion to Dismiss is **GRANTED**. Vincent Hunt is **DISMISSED** from this action. Plaintiff's Fourteenth Amendment Claim under the Due Process Clause of the Fourteenth Amendment is **DISMISSED**. Furthermore, Plaintiff's claims against Hardeman County covered by the TGTLA are **DISMISSED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date:  March 1, 2021.